**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LFT 5 LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Samuel Rodriguez,<br><br>　　　　　Defendant. | No. CV-24-00060-TUC-SHR<br><br>**Order Remanding Eviction Case** |

  Plaintiff filed this case in Pima County Superior Court as a state action for eviction after a trustee sale.[1]  (Doc. 1-1 at 1.)  On January 9, 2024, pro se Defendant filed a notice of removal asserting this Court has subject-matter jurisdiction under 28 U.S.C. § 1331. (Doc. 1 in Case No. 4:24-cv-00020-RCC.)  After Plaintiff filed an "Expedited Motion to Remand" (Doc. 8 in Case No. 4:24-cv-00020-RCC) and Defendant filed a response (Doc. 11 in Case No. 4:24-cv-00020-RCC), Judge Collins granted Plaintiff's "Expedited Motion to Remand" on January 18, 2024, because there was "no federal question raised in Plaintiff's Complaint" and "Defendant's references to federal law in his notice of removal cannot create a federal question that gives this Court jurisdiction" (Doc. 15 in Case No. 4:24-cv-00020-RCC).

  Approximately two weeks later, Defendant filed a second Notice of Removal. (Doc. 1.)  In this second Notice of Removal, Defendant asserts this Court has subject-matter jurisdiction because there is a federal question based on 28 U.S.C § 2410(a)(5) and "Title

---

[1] The case number for the underlying state action at issue is C20235890.

26." (Doc. 1 at 4–5.)

"[A] district court is under a duty to examine, on its own motion, whether a removed case should be remanded to state court; the court need not wait for a motion to remand." *Raytheon Co. v. Alliant Techsystems, Inc.*, No. CIV 13-1048-TUC-CKJ, 2014 WL 29106, at *1 (D. Ariz. Jan. 3, 2014) (citing *Kattalla Co. v. Rones,* 186 F. 30 (9th Cir. 1911) (district court may, on its own motion, decline to exercise jurisdiction over removed action)). If at any time before final judgment it appears the district court lacks subject matter jurisdiction over a case removed to federal court, the case shall be remanded. 28 U.S.C. § 1447(c).

Federal courts are courts of limited jurisdiction; they have subject matter jurisdiction only over the matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). A party may remove an action from state court only if the action could have originally been brought in the district court. *Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 747 (9th Cir. 1993); *see also* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.") The removal statute is strictly construed against removal jurisdiction and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

"A case 'arises under' federal law . . . if 'a well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)). Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive

reliance on state law." *Id.*

Here, Defendant is attempting to remove this case to federal court based on federal question jurisdiction. Based on Plaintiff's claims and allegations in its Complaint, this a special/forcible detainer action arising entirely under state law. *See* A.R.S. §§ 33-1485, 33-1377. Even if Defendant were to assert a counterclaim based on federal law, such a counterclaim would not create a federal question for jurisdictional purposes. *See Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985) (holding federal question jurisdiction does not arise from defenses or counterclaims alleged by defendant).

In sum, Plaintiff's claim is purely a state-law action, and Defendant cannot create federal question jurisdiction by filing federal defenses or counterclaims. Due to the lack of subject matter jurisdiction, this Court must remand.[2] Defendant's efforts to change the statute he relies on in this subsequent attempt at removal are futile, and any future attempts would suffer the same fate.

This Court has already rejected Plaintiff's previous attempt to remove the underlying state law case to this Court for the same reasons. Defendant is warned if he files another removal in C20235890, without good cause, he may be sanctioned.[3] *See* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Myers v. Freescale Semiconductor Inc.*, No. CV-19-05243-PHX-MTL, 2020 WL 4530468, at *1 (D. Ariz. Aug. 6, 2020), aff'd, No. 20-16592, 2022 WL 266638 (9th Cir. Jan. 26, 2022) (noting § 1927 sanctions may be imposed on a pro se party if there is bad faith).

Accordingly,

**IT IS ORDERED** the **Clerk of Court shall remand this action to Pima County**

---

[2] Defendant did not seek removal based on diversity jurisdiction. To the extent he intended to do so, the Court finds there is no basis for an exercise of such jurisdiction.

[3] Even though pro se filings are construed liberally in the Ninth Circuit, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the Court may determine fees or costs become appropriate if Plaintiff continues to try to remove this case with no legal support.

**Superior Court for all further matters**. This Order is effective immediately, such that any pending actions, orders, or writs, may proceed immediately.

**IT IS FURTHER ORDERED** Defendant's Application for leave to Proceed In Forma Pauperis (Doc. 3.) is **DENIED AS MOOT**.

Dated this 7th day of February, 2024.

Honorable Scott H. Rash
United States District Judge